By the Court.—Curtis, J.
The evidence fails to show that any locks were delivered to the American Seal Lock Co. by the plaintiffs before the filing of the report of January 18, 1872. The witnesses by whom it was attempted to show that one hundred locks had been delivered prior to the filing of the report, appear to have had little or no personal knowledge of such delivery, and the receipts taken by the plaintiff the day of, or the day after, the deliveries, are all dated subsequent to the time of the tiling othe report. The debt for these locks delivered under the contract, subsequent to its execution, can not be said to have been contracted *222 when the agreement was signed (Garrison v. Howe, 17 N. Y. 465).
But if the proofs showed a delivery of any locks during the default of the company prior to such filing of the report, a difficulty might arise as to how far they could be followed, and separated from a series of renewal notes embracing other and subsequent indebtedness, and the penalty of liability thus enforced against the trustees. The liability of the latter being limited not only to an existing debt against the corporation, but to one presently due and sueable, and upon which an action could be commenced against the corporation, it is apparent the plaintiffs’ demand could not be sustained, previous to the maturity of the notes given by the company, and embracing it. These notes matured in 1872, subsequent to the filing of the report of January, 1872.
The plaintiff claims that there is no evidence that the reports of 1872 and 1873 were published as inquired by statute, and that the report of 1873 states the amount of capital three hundred thousand dollars, when it should be four hundred thousand dollars. He insisted that as no report was filed or published in 1871, the presumption of law is, that the default continued until the defendant showed that the report was filed and published, and that it does not appear that any report was ever published as required by § 12 of the Act.
It is the duty of the plaintiff, who sues to enforce a statutory penalty, to make out his case. In his complaint he alleges a violation of the statute by the trustees, in omitting to file and publish these reports, which they by answer controvert. It is true they admit that in the year 1871 they were in default, but such admission carries with it no legal presumption that they were in default in subsequent years. Because a *223 person was guilty of abreach of the statute in January, 1871, the law does not presume him to have been equally culpable in January, 1872, and in January, 1873. The presumption is, that at other times he is innocent, and has complied with the law, until the contrary is established against him. Locus pcsniteniice is not closed upon the first offense, and that it has been availed of the law presumes. If the plaintiff relied to sustain his action upon a default of the trustees in publishing the report, it was his duty to prove such default.
The report of 1873 being similar in form to that of 1872, no question arises in that respect. The objection that it states a less amount of capital than actually existed, is not one that tends to impute bad faith to the trustees, by exaggerating the pecuniary strength of the corporation, nor to call for the most stringent construction in establishing a liability for the penalty.
The act requires the report to “ state the amount of capital, and of the proportion actually paid in.” It appears that on April 9,1872, a stockholders’ meeting was held, at which it was voted to increase the capital of the company, one hundred thousand dollars. A certificate of such action by the stockholders was on the next day filed in the county clerk’s office, and on the same day the trustees met, and voted that the new stock so authorized should not be issued, without the further order of the board. It is in evidence that after this initiatory action to increase the stock, no further steps were taken, and the one hundred thousand dollars new stock was never issued. This appears to dispose of the question, as to whether there was an increase of the capital stock, irrespective of what may have been the power of the trustees, to vote that it should not be issued. In fact, it was never paid into the com pany nor issued, and it would have been an untrue statement, if the trustees in their report in January, *224 1873, had represented that the amount of the capital was four hundred thousand dollars.
There were no questions of fact at the trial, that should have been submitted to the jury, and none of the exceptions call for a reversal of the judgment.
The judgment appealed from, should be affirmed.
Sanford, J., concurred.